IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case No: 3:97cr78/RV
      3:05cv189/RV/MD

GHASSEN GEORGE MOUREY

---

### REPORT AND RECOMMENDATION

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 96). The government moved to dismiss the motion as successive (doc. 98) and the defendant has replied. (Doc. 100). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon consideration, the motion should be denied, and the government directed to respond.

I. BACKGROUND

Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine and methamphetamine and possession with intent to distribute cocaine on a date certain. (Doc. 39). On November 10, 1997, he was sentenced to a term of life imprisonment on count one and 262 months on Count 2, to run concurrently. (Doc. 57). He timely appealed, but then filed a notice of voluntary dismissal of the appeal. (Doc. 59 & 75).

On July 12, 1999, approximately one year after dismissing his appeal, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 78). In the

motion, through counsel, defendant claimed that the government had not honored its side of the plea agreement because he had not received sentence credit for the assistance he had rendered to law enforcement. The government responded (doc. 84) and in response on October 19, 1999, defendant moved to abate his § 2255 motion during the pendency of his cooperation in investigations in the state of California. (Doc. 87 & 88). The motion was denied on October 27, 1999 with the notation that the defendant could dismiss the case and refile at a later date. (Doc. 90). No action was taken by the defendant, and on July 11, 2000, the presiding magistrate judge entered a recommendation that the motion be denied on the merits. (Doc. 91). This recommendation was adopted without objection on August 7, 2000. (Doc. 93).

On May 20, 2004, in apparent response to a sealed motion, defendant's life sentence was reduced to a term of 198 months imprisonment, and his sentence on count two was reduced from 262 to 131 months. (Doc. 95). The instant motion was docketed on May 20, 2005.

In his pending § 2255 motion, defendant again contends that the government failed to fully inform the court of his cooperative assistance, and maintains that he provided substantial information and assistance for which he was not "properly compensated." He asserts that he is entitled to an "open-ended rule 35 hearing, where there is no pre-determined sentence." He specifically contends that he provided information regarding 17 individuals, but that he has received "credit" only for the guilty pleas of three of those persons. (Doc. 96, memorandum at 9).

Although the plea agreement the government allegedly has breached was part of the first sentencing proceeding and the issue raised herein is related to the claim previously made, clearly the motion is directed towards the results of resentencing proceedings. As such, it is the first § 2255 to address the resentencing. Other courts who have addressed the meaning of successive in such cases have found that challenges to issues that could only have resulted from the resentencing are not

successive. See *In re Taylor*, 171 F.3d 185, 188 n. * (4th Cir. 1999) (stating the district court is "in the best position to separate the 'new' issues from any which existed at the time the applicant filed an earlier § 2255 motion and to limit his consideration of the motion accordingly"); *Walker v. Roth*, 133 F.3d 454, 455 n. 1 (7th Cir. 1997) ("Of course, had Walker sought to challenge aspects of his conviction [as opposed to aspects of his resentencing] the district court would have been correct in dismissing his petition as successive."); *Galtieri v. United States*, 128 F.3d 33, 37-38 (2nd Cir. 1997) ("[W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.") *cited in Walker v. Crosby*, 341 F.3d 1240, 1245 n.4 (11th Cir. 2003). Although the defendant's resentencing was not a result of the previous unsuccessful § 2255 motion, the *Galtieri* logic applies herein. The defendant's claim that he received credit for only part of the assistance he provided could not arise until resentencing when he presumably learned which assistance would be factored into the new sentence. Therefore, the government's motion to dismiss the defendant's § 2255 motion as successive should be denied and it should be directed to respond to the merits of the motion.

Based on the foregoing, it is respectfully RECOMMENDED:

The government's motion to dismiss the § 2255 motion to vacate be denied, and it be directed to respond to the merits of defendant's motion within thirty (30) days of an order adopting this recommendation.

At Pensacola, Florida, this 18th day of July, 2005.

/s/ *Miles Davis*
     MILES DAVIS
     UNITED STATES MAGISTRATE JUDGE

Case No: 3:97cr78/RV; 3:05cv187/RV/MD

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**