IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                              Case No: 3:97cr78/RV
                                                                 3:05cv189/RV/MD

GHASSEN GEORGE MOUREY

_____

**REPORT AND RECOMMENDATION**

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 96). The government's motion to dismiss the motion as successive was denied (doc. 98, 101, & 102), and it has filed a response (doc. 108) to which the defendant has replied. (Doc. 113). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

I. BACKGROUND

Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine and methamphetamine and possession with intent to distribute cocaine on a date certain. (Doc. 39). On November 10, 1997, he was sentenced to a term of life imprisonment on count one and 262 months on Count 2, to run concurrently. (Doc. 57). He timely appealed, but then filed a notice of voluntary dismissal of the appeal. (Doc. 59 & 75).

On July 12, 1999, approximately one year after dismissing his appeal, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 78). In the

motion, through counsel, defendant claimed that the government had not honored its side of the plea agreement because he had not received sentence credit for the assistance he had rendered to law enforcement.  The government responded (doc. 84) and in response on October 19, 1999, defendant moved to abate his § 2255 motion during the pendency of his cooperation in investigations in the state of California.  (Doc. 87 & 88).  The motion was denied on October 27, 1999 with the notation that the defendant could dismiss the case and refile at a later date.  (Doc. 90).  No action was taken by the defendant, and on July 11, 2000, the presiding magistrate judge entered a recommendation that the motion be denied on the merits. (Doc. 91).  This recommendation was adopted without objection on August 7, 2000. (Doc. 93).

On May 20, 2004, in apparent response to a sealed motion, defendant's life sentence was reduced to a term of 198 months imprisonment, and his sentence on count two was reduced from 262 to 131 months. (Doc. 95).  Defendant did not appeal the order granting the sentence reduction, and the instant motion was docketed on May 20, 2005.

In this pending § 2255 motion, defendant again contends that the government failed to fully inform the court of his cooperative assistance, and maintains that he provided substantial information and assistance for which he was not "properly compensated."  He asserts that he is entitled to an "open-ended rule 35 hearing, where there is no pre-determined sentence."  He specifically contends that he provided information regarding 17 individuals, but that he has received "credit" only for the guilty pleas of three of those persons. (Doc. 96, memorandum at 9). Defendant states in his motion that he seeks specific performance of the "oral agreements" that were part of his plea and sentencing agreement with the government (Defendant's Memorandum of Law at 5, 7).

Defendant's allegation of "oral agreements" outside the written plea agreement is directly refuted by both the plea agreement itself and the transcript of

the rearraignment.  The last page of the plea agreement includes the statement that "There are no other agreements between the United States of America and Ghassan George Mourey enters this agreement knowingly, voluntarily and upon advice of counsel." (Doc. 40 at 6).  At the rearraignment proceeding, when asked by the court whether this was the "complete agreement [he had] with the government," he answered under oath "Yes, sir."  (Doc. 85 at 17).  The court further inquired: "No one has made any promises to you, then Mr. Maurey, that have induced you to plead guilty but which have not been revealed to me?  Is that correct?" he again indicated "Yes, sir." (*Id.*).  He also denied that anyone had used any kind of force or threats or pressure or intimidation to make him plead guilty.  (*Id.*).  He was given the opportunity to ask questions about his case, but he indicated he had none.  (*Id.* at 18).   In accepting the defendant's plea, the court found that he was "certainly" familiar with the criminal justice system, alert and intelligent, that he understood the nature of the charges and understood and realized the consequences of a guilty plea.  (*Id.*).

Defendant also claims that he was not given credit for all of the assistance he provided.  It is well established that the decision to file a substantial assistance motion is a matter of prosecutorial discretion.  *United States v. Nealy,* 232 F.3d 825, 831(11th Cir. 2000), *cert. denied,* 122 S.Ct. 552, 151 L.Ed.2d 428 (2001); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993).  The government has a power, not a duty, to file such a motion when a defendant has substantially assisted.  *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992).  And, the filing of such a motion reflects that a defendant's assistance has yielded actual, useful results, not merely that the defendant made a substantial good faith effort in his attempts to assist.  *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997) (citation omitted). "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts."  *United States v. Orozco*, 160 F.3d 1309, 1315

(11th Cir. 1998), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000).  A defendant's disappointment that his cooperation did not rise to the level of substantial assistance, or that the sentence reduction he received was not greater, does not alone warrant a finding that relief should be granted.  Judicial review of a decision regarding substantial assistance motions is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.  *Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44, 118 L.Ed.2d 524; *Nealy*, 232 F.3d at 831.  No such allegation is made here, and defendant has not shown he is entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The defendant's motion to vacate his sentence (doc. 96) be DENIED.

At Pensacola, Florida, this 3rd day of January, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:97cr78/RV; 3:05cv187/RV/MD*